UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
UNITED STATES OF AMERICA

   -v.-           <u>ORDER</u>

BRUCE JACKSON,         12-CR-111-22 (CS)

      Defendant.
------------------------------------------------------x

<u>Seibel, J.</u>

   Before the Court is Defendant Bruce Jackson's motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), known as "compassionate release," (Doc. 583), and the Government's opposition thereto, (Doc. 586).

   On November 20, 2012, Defendant was sentenced principally to 63 months' imprisonment.  (Doc. 161.)  He began his term of supervised release on September 25,  2015. On April 10, 2017, the Probation Department sought a warrant for Defendant's violation of his terms of supervised release.  On February 20, 2020, after serving a state sentence, Defendant admitted to one of the specifications and was sentenced to eighteen months' imprisonment. (Doc. 545.)  He has served approximately eight-and-a-half of those eighteen months.

   Under 18 U.S.C. § 3582(c)(1)(A), I may, after considering the factors set forth in 18 U.S.C. § 3553(a), reduce a sentence if extraordinary and compelling reasons justify such action and it is consistent with the relevant policy statements of the Sentencing Commission.  Policy Statement 1B1.13 imposes similar requirements, along with the provision that the Defendant not be a danger to the safety of any other person or the community.  Application Note 1 to Policy Statement 1B1.13 describes four potential extraordinary and compelling reasons: 1) the defendant has a terminal medical condition or because of serious health condition from which he

is not expected to recover is substantially diminished in his ability to provide self-care; 2) the

defendant is at least 65 years old, has served 75% or 10 years of his sentence, and is

experiencing a serious deterioration in health because of the aging process; 3) family

circumstances; and 4) an extraordinary and compelling reason other than or in combination with

one of the above.[1]  "The defendant has the burden to show he is entitled to a sentence reduction"

under Section 3582(c)(1)(A).  *United States v. Ebbers*, 432 F. Supp. 3d 421, 426 (S.D.N.Y.

2020).

Defendant first points out that his federal detainer prevented him from going into the

state shock incarceration program, but I was aware of that fact and took it into account when I

imposed the eighteen-month sentence.  He also notes that as a federal prisoner serving his time

in the Orange County Jail ("OCJ"), he is not eligible for programming, which is unfortunately

not uncommon or extraordinary.  He further correctly contends that we are in a COVID-19

pandemic, that social distancing is not possible in prison, and that Orange County is currently a

hotspot.  Those things are no doubt true, but fortunately OCJ has no current inmate cases.  In

fact, apparently only one inmate has gotten sick (and since recovered) during the entire

pandemic.  While certain communities within the County are experiencing high rates, they have

not impacted the Jail.  Defendant also suffers from kidney stones – a fact of which I was aware

---

[1]Section 1(D) of the Application Note states: "Other Reasons – As determined by the Director of the Bureau of Prisons ["BOP"], there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the [other three reasons]."  But "Application Note 1(D) does not apply to compassionate release motions brought directly to the court by a defendant," *United States v. Brooker*, No. 19-3218-CR, 2020 WL 5739712, at *1 (2d Cir. Sept. 25, 2020), so I am not constrained by the BOP's or the Application Note's interpretation of extraordinary and compelling circumstances, *see id.* at 7 ("Neither Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion.").

at sentencing – but they are not a COVID risk factor, and records provided by both Defendant and the Government show that Defendant's condition is being monitored and treated, including by outside providers.  Luckily the stones are not obstructing the urethra, and Defendant does not seem to be in acute discomfort.

In short, apart from the stones, which appear to be under control, Defendant is a healthy young man.  In the absence of evidence of increased risk grounded in medical fact, "pointing to the mere existence COVID-19 either in a prison facility or in society generally is not enough to satisfy the 'extraordinary and compelling reasons' requirement of 18 U.S.C. § 3582(c)(1)(A)." *United States v. Davis*, No. 14-CR-296, 2020 WL 5628041, at *3 (S.D.N.Y. Sept. 21, 2020) (internal quotation marks omitted) (collecting cases) ; *see United States v. Knight*, No. 10-CR-128S, 2020 WL 5640238, at *5 (W.D.N.Y. Sept. 22, 2020) ("[T]he mere possibility of contracting a communicable disease such as COVID-19, without any showing that the Bureau of Prisons will not or cannot guard against or treat such a disease, does not constitute an extraordinary or compelling reason for a sentence reduction . . . ."); *United States v. Otrosinka*, No. 12-CR-300, 2020 WL 5628060, at *4 (W.D.N.Y. Sept. 21, 2020) ("generalized fear" of contracting COVID-19 does not constitute extraordinary and compelling reason justifying release) (collecting cases).

Defendant also argues that his violation of supervised release occurred because he "allowed himself to be poorly situated among troubling influencers"; that he has employment opportunities; and that he is remorseful and committed to being law-abiding.  At his original sentencing, Defendant expressed remorse and committed to change, but obviously that did not happen.  I would have to be naive to take Defendant's words at face value now.  I sincerely hope they are true, but they do not suffice to make his circumstances rise to the level of extraordinary

3

and compelling reason justifying release.  *See United States v. Vailes*, No. 16-CR-297, 2020 WL 3960505, at *3 (E.D.N.Y. July 13, 2020) ("I commend the defendant on his efforts to rehabilitate himself, but these efforts do not warrant early release.").  Further, that Defendant – now a 34-year-old man – blames the influence of others for his criminal conduct while under supervision does not suggest a level of insight that might give hope for future compliance with the law.

In short, I do not find extraordinary and compelling circumstances.  Even if I did, I would have to consider the § 3553(a) factors.  They militate against release less than halfway through Defendant's sentence.  Defendant began disregarding his obligations on supervised release only seven months after his release.  A search of his home turned up 28 grams of heroin and 29 grams of ecstasy.  His 63-month sentence for heroin dealing obviously did not deter him, nor did his previous three sentences (two of which involved violence).  Releasing Defendant now would undermine several of the § 3553(a) factors.  It would not sufficiently address the nature and seriousness of the offense and specifically the rapid return to drug dealing while under supervision.  It would not be just punishment, would insufficiently deter violations of supervised release, and would introduce unwarranted sentencing disparities.  It would not suffice to protect the public from further crimes by Defendant, unfortunately a distinct possibility given the Defendant's record and that rapid return to criminal conduct.  In short, even if Defendant had shown extraordinary and compelling circumstances, I would deny the motion in light of the offense, the risk to the public and the other § 3553(a) factors.

For the reasons stated above, the motion is denied.  The Clerk of Court is respectfully directed to terminate Docs. 583 and 586.

Dated: November 5, 2020
       White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.

5